UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| GULF STREAM COACH INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-513 JTM |
| | ) | |
| GLOVIA INTERNATIONAL INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On May 4, 2009, Defendant, Glovia International Inc. ("Glovia"), filed a motion for a protective order. Glovia argues that its corporate agent, James Gorham ("Gorham"), should be deposed at Glovia's corporate headquarters in Los Angeles, California, either in person or by video teleconference, rather than in Nappanee, Indiana, as requested by Plaintiff, Gulf Stream Coach Inc. ("Gulf Stream"). In support, Glovia argues that requiring Gorham to leave his principal place of business would be prejudicial to Glovia's business interests, as Gorham, Executive Vice-President of Sales and Delivery, plays a critical role in Glovia's business administration. Further, Glovia contends that Gulf Stream's costs in traveling to Los Angeles would be minimal and could be further reduced through use of video teleconferencing.

On May 5, 2009, Gulf Stream filed a response in opposition. In particular, Gulf Stream responds that deposing Gorham in Nappanee, Indiana would be cheaper than traveling to Los Angeles, for both attorneys involved. In addition, Gulf Stream notes that Gorham has traveled to Indiana on two prior business trips, apparently evidencing that such travel is neither onerous to Gorham personally nor detrimental to the effective administration of Glovia's business.

Generally, a party may choose the location for deposing an opposing party, subject to the granting of a protective order by the court designating a different location. Delphi Automotive

Systems LLC v. Shinwa Int'l Holdings LTD, 2008 WL 2906765, at *1 (S.D. Ind. 2008). However, there is a presumption that the depositions of a corporation through its agents should be taken at the corporation's principal place of business. Custom Form Mfg., Inc. v. Omron Corp., 196 F.R.D. 333, 336 (N.D. Ind. 2000); Wallace v. Hounshel, 2008 WL 282069, at *1 (S.D. Ind. 2008). Thus, the Rule 30(b)(6) deposition of Gorham, in this case, should ordinarily be taken in Los Angeles, California, unless justice requires that it occur elsewhere.

This presumption is subject to modification, however, when justice so requires. Wallace, 2008 WL 282069 at *1. See also 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2112 (2d ed. 1994). Indeed, the Court has substantial discretion to specify the time and place of any deposition. Custom Form, 196 F.R.D. at 336. As such, the presumption appears to be merely a decision rule that facilitates the Court's discretion when other relevant factors do not favor one side over the other. Id. Among the more significant factors that the Court considers in making its determination are cost, convenience, and litigation efficiency. Wallace, 2008 WL 282069 at *1.

This Court is not persuaded by Gulf Stream's attempts to rebut the presumption that Gorham's deposition should take place in California. Gorham is a high-ranking corporate executive whose importance to the daily business administration of Glovia is undisputed. As such, the presumption leans heavily in favor of taking Gorham's deposition in California. Consequently, Gulf Stream bears the burden to show that taking Gorham's deposition in California would be overly burdensome and must persuade this Court that Nappanee, Indiana is a more appropriate forum.

Gulf Stream argues that it would be more expensive for the attorneys to travel to California than to Nappanee, Indiana. However, Gulf Stream fails to address the additional burden that would be placed upon Gorham should he be forced to leave his business responsibilities in California to give an in-person deposition in Indiana. Further, Gulf Stream is silent in respect to Glovia's offer to

allow Gulf Stream the opportunity to take Gorham's deposition via video teleconferencing, eliminating, altogether, the need for travel costs by either party. Similarly, this Court notes that, even if the parties determine to undertake an in-person deposition in California, such a trip is not *per se* unduly burdensome, as such trips are relatively routine for lawyers engaged in federal litigation. Consequently, this Court determines that California is not an unconvenient forum for Gorham's deposition.

Further, this Court is not persuaded by the fact that Gorham has made two previous trips to Indiana, as evidence that Indiana is a more convenient forum. In particular, this Court notes that both of Gorham's prior trips to Indiana, taken during the Fall of 2006 and 2007, were business related and thus closely related to Gorham's immediate administrative responsibilities. As a result, it can be inferred that such trips were of minimal disruption to Gorham's management of Glovia's business affairs. Such would not be the case, however, if Gorham was ordered to travel to Indiana for an in-person deposition, far removed from Gorham's management responsibilities in California.

Because this Court has concluded that Gulf Stream has failed to persuasively overcome the presumption that Gorham's deposition should occur in Los Angeles, California, this Court now **GRANTS** Glovia's motion for a protective order. [Doc. No. 28]. Accordingly, this Court **ORDERS** that any future depositions of Gorham's shall take place in Los Angeles, California, either in-person or by video teleconference, unless otherwise agreed by the parties.

**SO ORDERED**.

Dated this 13th Day of May, 2009.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge